# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JEFFREY W. TAM,
                Appellant,

      v.

UNITED STATES POSTAL SERVICE,
                Agency.

DOCKET NUMBERS
SF-0752-13-4272-X-1
SF-0752-13-4272-C-1

DATE: September 30, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jeffrey W. Tam, Alameda, California, pro se.

Jeremy M. Watson, San Francisco, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      This case is before the Board on the appellant's petition to enforce the Board's final decision reversing his removal and restoring him to the position of Tractor Trailer Operator. For the reasons discussed below, we find the agency in compliance and DISMISS the petition for enforcement.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

¶2　　The agency removed the appellant from his position of Tractor Trailer Operator on August 17, 2013.  In an initial decision issued on January 23, 2015, the administrative judge reversed the removal action and denied the appellant's affirmative defenses.  *Tam v. U.S. Postal Service*, MSPB Docket No. SF-0752-13-4272-I-3, Initial Decision (Jan. 23, 2015).  The administrative judge ordered the agency to retroactively restore the appellant effective August 17, 2013, to pay him the appropriate amount of back pay and interest, and to adjust his benefits with appropriate credits and deductions in accordance with Office of Personnel Management regulations.  *Id*. at 27-28.  The initial decision became final on February 27, 2015, when neither party filed a petition for review with the full Board.[2]

¶3　　On April 29, 2015, the appellant filed a petition for enforcement and alleged, inter alia, that the agency did not correctly calculate his overtime back pay and had omitted holiday work pay.  Compliance File (CF), Tab 1 at 1-2.  In response, the agency asserted that it correctly computed the back pay hours of overtime based on the average amount of overtime worked by employees in the appellant's office.  CF, Tab 6 at 5.  The agency did not discuss the appellant's entitlement to holiday work pay.

¶4　　In a compliance initial decision issued on September 1, 2015, the administrative judge found that the agency was not in compliance as to retroactive overtime and holiday pay.  *Tam v. U.S. Postal Service*, MSPB Docket No. SF‑0752-13-4272-C‑1, Initial Decision (Sept. 1, 2015); CF, Tab 14, Compliance Initial Decision (CID).  Regarding overtime, the administrative judge determined that, although the agency was free to use the averaging method, it was not in compliance with the Board's decision because it failed to show that its overtime calculation was based on the actual overtime hours earned by similarly

---

[2] The appellant sought further review at the Equal Employment Opportunity Commission (EEOC), which ultimately concurred with the Board's final decision. *Tam v. U.S. Postal Service*, MSPB Docket No. SF-0752-13-4272-I-3, EEOC File, Tab 3.

situated employees during the back pay period. CID at 9. The administrative judge also found that the agency had not explained why the appellant was not entitled to holiday pay. *Id*. The administrative judge therefore ordered the agency to produce evidence related to its calculation and payment of overtime and holiday pay. *Id*. at 11.

¶5 The agency submitted evidence to the Board in response to the compliance initial decision. Compliance Referral File (CRF), Tab 1. The agency stated that the appellant would receive additional overtime and holiday pay. *Id*. at 6. The agency indicated that the holiday pay was an average of Tour 1 employees and that the overtime computation was based on the appellant's past work history. *Id*.

¶6 Separately, the appellant filed a petition for review of the compliance initial decision. Petition for Review (PFR) File, Tab 1. Among other things, the appellant alleged discrimination and retaliation by the agency and asserted that the agency was not in compliance as to his back pay, interest on back pay, retroactive overtime, denial of overtime after his reinstatement, the agency's collection of a debt related to health insurance premiums, and payment of attorney fees. *Id*. The Board issued a single acknowledgment order for both the compliance referral matter (X-1) and the petition for review (C-1). CRF, Tab 2; PFR File, Tab 2. The agency filed a response to the appellant's petition for review, but only addressed the appellant's allegations of discrimination and retaliation. PFR File, Tab 3.

¶7 On February 12, 2016, the Board issued a nonprecedential, nonfinal order granting the appellant's petition for review. *Tam v. U.S. Postal Service*, MSPB Docket No. SF-0752-13-4272-C-1, Order (Feb. 12, 2016) (Feb. 12, 2016 Order); PFR File, Tab 4. The Board found that, when the agency reinstated the appellant, it failed to immediately place him on the "overtime desired" list and the delay caused the appellant to miss 2 days of overtime. Feb. 12, 2016 Order, ¶¶ 5-6. Therefore, to the extent that the agency's failure to immediately reinstate the appellant to the overtime desired list resulted in lost overtime, the agency was in

noncompliance. *Id.*, ¶ 6. The Board ordered the agency to provide evidence demonstrating that "it properly calculated and compensated the appellant for any lost overtime resulting from the lapse in the appellant's inclusion on the overtime desired list." *Id.*, ¶ 17. The Board directed the agency to file its submission in the X-1 matter pending with the Board's Office of General Counsel (OGC). *Id.*, ¶ 18. The Board also noted that the appellant had raised arguments concerning his retroactive overtime and holiday pay and stated that those issues would be "processed separately" in the X‑1 case. *Id.*, ¶ 4 n.2. The Board found the agency in compliance as to the other enforcement issues raised by the appellant. *Id.*, ¶¶ 7-12. The Board stated that it would not consider the appellant's arguments related to the administrative judge's conclusions concerning the appellant's affirmative defenses because the time had passed to file a petition for review in the underlying appeal. *Id.*, ¶ 4 n.2. The Board forwarded the appellant's claim that the agency erroneously paid attorney fees to the wrong attorney to the administrative judge as a new petition for enforcement.[3] *Id.*, ¶ 15.

¶8      In March 2016, the appellant filed a pleading in which he maintained that: (1) the agency's check for 2 days of overtime and interest was delivered in an opened envelope and "was lost somewhere";[4] and (2) the agency should be required to prove that it paid his health insurance provider during the back pay period. CRF, Tab 3. On April 12, 2016, the agency filed a pleading stating that it was in the process of compensating the appellant for 2 days of lost overtime. CRF, Tab 4 at 1. The agency stated that once the appellant submitted the

---

[3] The administrative judge adjudicated the forwarded petition and found the agency in compliance with the Board's attorney fees order. On September 13, 2016, the Board affirmed the compliance initial decision. *Tam v. U.S. Postal Service*, MSPB Docket No. SF-0752-13-4272-C-2, Final Order (Sept. 13, 2016).

[4] During a September 9, 2016 telephone conversation with the assigned OGC attorney, the appellant clarified that he received the agency's check, but he objected that the envelope had been opened. When the agency advised him to cash the check anyway, he did so.

requisite paperwork, the back pay request would be processed and the agency would submit further evidence of compliance. *Id*.

¶9      When the Board did not receive any further submissions from the agency, it directed the agency (via Clerk of the Board order issued July 26, 2016) to produce evidence that it had properly calculated and compensated the appellant for any lost overtime resulting from the lapse in his inclusion on the overtime list. CRF, Tab 5. On August 10, 2016, the agency responded that the appellant was provided back pay for 16 overtime hours. CRF, Tab 6 at 4. In an attached declaration, an agency Labor Relations Specialist stated that payment had been processed in the amount of $457.67 to the appellant. *Id*. at 6-7. The appellant did not respond to the agency's additional evidence of compliance.

¶10     There are three remaining compliance issues: (1) whether the appellant received the correct amount of overtime as a component of his back pay award; (2) whether he received the correct amount of holiday work pay as part of his back pay award; and (3) whether he was properly compensated for any lost overtime resulting from the lapse in his inclusion on the overtime desired list after his reinstatement.[5] We address these issues in turn.

Retroactive Overtime and Holiday Pay

¶11     In his September 1, 2015 compliance initial decision, the administrative judge ordered the agency to produce evidence related to its calculations and payment of overtime and holiday pay. The agency responded with evidence setting forth its overtime and holiday pay calculations. CRF, Tab 1. The appellant has not identified any errors in those calculations. Based on the

---

[5] Additionally, the appellant asserts that the agency should be required to prove that it paid his health insurance provider during the back pay period. CRF, Tab 3 at 2. As we previously held, the agency properly deducted the appellant's unpaid health insurance premiums when it computed his back pay. Feb. 12, 2016 Order, ¶ 12. We decline to revisit the issue.

evidence submitted by the agency, we find the agency in compliance with the compliance initial decision.

Overtime Lost After Reinstatement

¶12     On February 12, 2016, the Board granted the appellant's petition for review and issued an order directing the agency to produce evidence that it properly calculated and compensated the appellant for any lost overtime resulting from the lapse in his inclusion on the overtime desired list after his reinstatement.  Feb. 12, 2016 Order, ¶ 17.  On August 10, 2016, the agency produced evidence that it compensated the appellant in the amount of $457.67 for 16 lost overtime hours. CRF, Tab 6 at 4, 6-7.  The appellant did not respond to this evidence, despite being informed that he could do so.  CRF, Tab 5 at 2.  In light of the agency's evidence and in the absence of any response from the appellant, we find the agency in compliance on the issue of lost overtime.

¶13     Accordingly, we dismiss the petition for enforcement.  This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1)  (5 C.F.R. § § 1201.183(c)(1)).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* title 5 of the United States Code, section 7702(b)(1)  (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

      If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
131 M Street, NE<br>
Suite 5SW12G<br>
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

      If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:             _____

                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.